TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-07-00713-CR






Dionisio Balderas Moreno, Appellant


v.


The State of Texas, Appellee






FROM THE DISTRICT COURT OF WILLIAMSON COUNTY, 368TH JUDICIAL DISTRICT

NO. 07-469-K368, HONORABLE BURT CARNES, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N


 Appellant has filed a motion to abate the appeal and to remand the cause to the trial
court for entry of findings of fact and conclusions of law related to the voluntariness of a statement
given to the police. (1) See Tex. Code Crim. Proc. Ann. art. 38.22, § 6 (West 2005). The State opposes
the motion, arguing that appellant's issues concern his right to counsel, not the voluntariness
of the statement. 

 Appellant sought to suppress his statement, arguing that it was taken in violation of
his right to counsel, which is one of the rights enumerated in article 38.22. See Tex. Code
Crim. Proc. Ann. art. 38.22, § 2. Unless appellant voluntarily waived his Miranda rights, (2) the
statement was not admissible under article 38.22. See id. Miranda rights are intended to protect
against "inherent compulsion" generated in a custodial interrogation. Moran v. Burbine, 475 U.S.
412, 420 (1986). Thus, the voluntariness of the statement is implicated in appellant's argument
related to his right to counsel. See Tex. Code Crim. Proc. Ann. art. 38.22, § 2; Moran, 475 U.S. at
420-22 (in considering admissibility of statement related to waiver of right to counsel, court held that
"respondent validly waived his right to remain silent and to the presence of counsel. The
voluntariness of the waiver is not at issue."). We grant appellant's motion and remand the cause to
the trial court for entry of findings and conclusions regarding the voluntariness and admissibility of
appellant's statement related to his sexual contact with a minor and introduced into evidence in the
punishment phase. A supplemental clerk's record containing the court's certification shall be
tendered for filing no later than thirty days from the date of this opinion. See Tex. R. App. P.
25.2(d), 34.5(c)(2), 37.1.


 ___________________________________________

 David Puryear, Justice

Before Chief Justice Law, Justices Puryear and Pemberton

Abated

Filed: October 3, 2008

Do Not Publish
1. Two statements were introduced, and appellant sought to suppress both. The first was
introduced during guilt/innocence, and the trial court made appropriate findings and conclusions on
the record. The second statement was introduced at the punishment phase and related to another
offense. When the trial court considered appellant's motion to suppress the second statement, it
stated only that the motion was denied without explaining its conclusion. It is the second statement
with which we are concerned here.
2. See generally Miranda v. Arizona, 384 U.S. 436, (1966).